## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEWART DEVELOPMENT, LLC** | * |
| | *  **CIVIL ACTION** |
| **VS.** | *  **NO.:** |
| | * |
| **CERTAIN UNDERWRITERS AT LLOYDS,** | *  **JUDGE:** |
| **LONDON SUBSCRIBING TO POLICY NO.** | * |
| **AMR-53446-06; INDIAN HARBOR INSURANCE** | * |
| **COMPANY; QBE SPECIALTY INSURANCE** | *  **MAGISTRATE JUDGE:** |
| **COMPANY; STEADFAST INSURANCE** | * |
| **COMPANY; GENERAL SECURITY INDEMNITY** | * |
| **COMPANY OF ARIZONA; UNITED SPECIALTY** | * |
| **INSURANCE COMPANY; LEXINGTON** | * |
| **INSURANCE COMPANY; HDI GLOBAL** | * |
| **SPECIALTY SE; OLD REPUBLIC UNION** | * |
| **INSURANCE COMPANY; GEOVERA** | * |
| **SPECIALTY INSURANCE COMPANY; AND** | * |
| **TRANSVERSE SPECIALTY INSURANCE** | * |
| **COMPANY** | * |

TO:  **Thoms M. Flanagan**
**Harold J. Flanagan**
**Camille E. Gauthier**
**Laurent J. Demosthenidy**
**FLANAGAN PARTNERS LLP**
**201 St. Charles Ave., Suite 3300**
**New Orleans, LA 70170**

### <u>NOTICE OF REMOVAL</u>

Removing Defendants, Certain Underwriters at Lloyd's, London severally subscribing to

Certificate No. AMR-53446-06 ("Lloyd's Underwriters") (identified in the state court Petition for

Damages as "Certain Underwriters at Lloyds, London Subscribing to Policy No. AMR-53446-

06") and HDI Global Specialty SE ("HDI"), without waiving any affirmative defenses or

objections herein, and specifically reserving all defenses available to Removing Defendants and

to all insurers subscribing to and participating in Account Policy No. 850539 ("Account Policy"),[1] including but not limited to all defenses under Federal Rules of Civil Procedure, Rules 8 and 12, and the right to seek a stay or dismissal of this matter and compel arbitration, hereby remove the state court proceedings bearing Civil Action No. 846-180 ("State Court Action"), from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and further represent:

## I.

## GROUNDS FOR REMOVAL

Removing Defendants remove this matter under federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds that there is a valid arbitration agreement in the Account Policy made the subject of the instant dispute that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). Accordingly, this Court has original jurisdiction under 9 U.S.C. §§ 202, 203 and 205.

## II.

## THE STATE COURT ACTION

The Petition in the State Court Action was filed by Stewart Development, LLC on August 28, 2023. The Petition alleges damage to property located at 111 Veterans Memorial Boulevard, Metairie, Louisiana 70005 (hereinafter "the Property"), arising from Hurricane Ida, which made landfall on or about August 29, 2021, and further alleges that the Removing Defendants, and all

---

[1] The remaining insurers subscribing to the Account Policy are Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company and, together with the Removing Defendants are referred to hereinafter as the "Insurers".

Insurers subscribing to the Account Policy, have failed to pay Plaintiff's alleged losses.   The

pleadings from the State Court Action are made Exhibit "A".

## III.

### THE ARBITRATION CLAUSE
### OF THE ACCOUNT POLICY

The Account Policy includes the Compass Commercial Property Form (COMPASS 04 18),

which provides, at "Section VII (C)", that all "matters in difference between the Insured and the

Companies in relation to this insurance" shall be resolved through submission to an Arbitration

Tribunal:

### SECTION VII – CONDITIONS

C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.  If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case

with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

Each party will pay its chosen Arbitrator, and also bear the expenses of the Arbitration and Umpire equally.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential or other damages of a similar nature.

A decision agreed to by any two members of the Arbitration Tribunal shall be binding.  The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

The portion of the Account Policy containing the Arbitration Clause is attached as Exhibit "B". A full copy of the Account Policy is attached as Exhibit "C".

Plaintiff has acknowledged the applicability of the Arbitration Clause, when it demanded arbitration on August 25, 2023 (Exhibit "D").  All Insurers on the Account Policy, including the Removing Defendants, have also invoked their right to arbitrate all matters in dispute with Plaintiff, and identified their arbitrator, by letter dated December 14, 2023.

**IV.**

**THE MATTERS IN DIFFERENCE
THAT ARE SUBJECT TO ARBITRATION**

The "matters in difference," as described in the Arbitration Clause, are disputes and differences between Plaintiff and the Removing Defendants and all other Insurers participating in the Account Policy, and include but are not limited to whether Plaintiff has met the grant of

coverage under the Account Policy, whether Plaintiff has provided satisfactory proofs of loss, the extent of any losses allegedly sustained by Plaintiff, whether it complied with the conditions of the Account Policy, whether and to what extent the exclusions and limitations of the Account Policy apply to any alleged covered losses, and the adjustment of the claims by all Insurers participating in the Account Policy.

## V.

## CITIZENSHIP OF THE REMOVING DEFENDANTS

The Removing Defendants are principally citizens of countries other than the United States, including HDI, which is registered under the laws of Germany and has its principal place of business in Hannover, Germany.  The Lloyd's Underwriters are principally citizens of countries other than the United States, such as the United Kingdom of Great Britain.  By way of example:

> Syndicate 2987 is an unincorporated association, the managing agent of which is Brit Syndicates Limited, and the sole corporate member is Brit UW Limited, registered in England and Wales, with its principal place of business in London, England.

> Tokio Marine Kiln Syndicate 510 is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited, and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales, with its principal place of business in London, England.

Other Lloyd's Underwriters are also citizens of countries other than the United States.

## VI.

## REMOVAL IS PROPER

The United States is a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted following,* 9 U.S.C. § 201 (West Supp. 1998).  The United Kingdom of Great Britain and Germany

are signatories to the Convention.  Under Article II of the Convention, the United States and other signatory countries are each bound to "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which may have arisen or which may arise between them…."  The courts of each signatory country are also bound to enforce such agreements.

The Convention is an international treaty that guarantees citizens of any signatory country the right to enforce agreements to arbitrate disputes.  As the United States Supreme Court has explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520, n. 15 (1974).

In 1970, Congress enacted enabling legislation to enforce the Convention in United States Courts.  *See* 9 U.S.C. §§ 201-208.  The Federal Arbitration Act (FAA) governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts, both in state and federal courts.  *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25, 103 S. Ct. 927, 941-42, 74 L. Ed. 2d 765 (1983).  Chapter 2 of the FAA, 9 U.S.C. §§ 201-208 ("Convention Act"), which implements the Convention, controls arbitration disputes in the international context.  In general, the Convention Act creates a *strong presumption* in favor of arbitration, especially in international commercial agreements.  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 638-40, 105 S. Ct. 3346, 3359-61, 87 L. Ed. 2d 444 (1985).

The instant disputes ("matters in difference") arise under the terms and conditions of the Account Policy, including the Arbitration Clause contained therein.  There is no question that the

6

instant disputes arise under the Account Policy that contains an arbitration agreement, and are disputes between citizens of the United States and citizens of countries other than the United States. The entirety of the disputes filed by Plaintiff against the Removing Defendants and all Insurers participating in the Account Policy relate to the Account Policy, and therefore, the arbitration agreement in the Account Policy requires that arbitration be held in New York, and under New York law.

Because the allegations in the Petition are matters clearly falling under the Convention, and are disputes relating to an arbitration agreement, 9 U.S.C. §205 of the Convention Act provides for removal of the State Court Action:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

This action is properly removed to this District Court as the district embracing the Civil District Court for the Parish of Jefferson, where the State Court Action was pending.

## VII.

## REMOVAL IS TIMELY

This removal is timely, pursuant to 9 U.S.C. § 205, which provides that state court proceedings relating to an arbitration agreement falling under the Convention may be removed to federal court "at any time before the trial." No trial has commenced in the State Court Action. Under 9 U.S.C. § 205, any action or proceeding so removed shall be deemed to have been brought in the district court to which it is removed.

## VIII.

### CONGRESS GRANTED FEDERAL COURTS
### BROAD REMOVAL JURISDICTION IN CONVENTION CASES

The purpose and intent behind the enactment of the Convention Act was to "encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n. 15, 94 S. Ct. 2449 (1974).   As the Fifth Circuit has observed, uniformity is best served by trying all Convention cases in federal court and the general rules regarding removal jurisdiction do not apply to Convention Act removal:

> Because 'uniformity is best served by trying all [Convention] cases in federal court unless the parties unequivocally choose otherwise [citation omitted], Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, §205, in the statute books.  So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances, Congress created special rights to channel cases into federal court.'

*Acosta v. Master Maint. & Constr., Inc.,* 452 F.3d 373 (5th Cir. 2006), *quoting*, *McDermott Int'l, Inc. v. Lloyd's Underwriters of London,* 944 F.2d 1199, 1207-08 (5th Cir. 1991).

## IX.

### THE ARBITRATION CLAUSE "FALLS
### UNDER" THE CONVENTION AND "RELATES TO"
### THE STATE COURT LITIGATION

If at least one party to a commercial legal relationship is not a United States citizen, the arbitration agreement contained in the commercial legal relationship is deemed to "fall under" the Convention.  *1010 Common, LLC v. Certain Underwriters at Lloyd's, London,* No. CV 20-2326, 2020 WL 7342752, p. 5 (E.D. La. Dec. 14, 2020); *Mongaya v. AET MCV BETA, LLC,* 2018 WL

6067547, p. 4 (E.D. La. 2018).  The Account Policy provides coverage pursuant to the terms, conditions, definitions, exclusions, and endorsements of a single set of coverage documents common to all the Insurers subscribing to the Account Policy.  There is only one common arbitration agreement (Exhibit "B") to which Plaintiff and all Insurers under the Account Policy are bound.  The fact that some Insurers are citizens of the United States does not impair removal: ". . . a party's non-signatory status is not relevant to the inquiry of whether some particular arbitration clause 'falls under' the Convention" for purposes of removal.  *Mongaya, supra* at p. 4. If the arbitration agreement falls under the Convention, as is the case with the Account Policy's Arbitration Clause, removal jurisdiction is proper.

The other test for removal jurisdiction is whether the state court litigation "relates to" an arbitration agreement falling under the Convention.  The "relates to" requirement is an extremely low bar.  If the Account Policy's arbitration agreement can conceivably affect the outcome of Plaintiff's claims, then the arbitration agreement "relates to" its suit, and removal is proper.  The Arbitration Clause in the Account Policy at issue herein clearly can affect the outcome of the State Court Action, since it contains disputes against all Insurers subscribing to the Account Policy. Therefore, the Arbitration Clause has a direct effect on this litigation.  The federal question jurisdiction conferred under 9 U.S.C. §205 is unlike most other forms of federal question jurisdiction, because it permits removal on the basis of a federal defense.  *Beiser v. Weyler*, 284 F.3d 665, 666 (5th Cir. 2002).

**X.**

**CONVENTION REMOVAL
AUTHORIZES REMOVAL OF
THE ENTIRE "ACTION" AND
NOT JUST PARTICULAR "CLAIMS"**

The Fifth Circuit has instructed that when defining the scope of jurisdictional statutes, "heavy emphasis shall be placed on the language of the particular statute in question." *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 (5th Cir. 1990).  Examining the language of the Convention Act, 9 U.S.C §203 first provides for original subject matter jurisdiction over "***an action or proceeding***" falling under the Convention (emphasis added).  Section 205 then provides for removal of the "***action or proceeding***" (emphasis added).  The use of the terms "action or proceeding" in both statutes significantly expands the scope of removal.  Removal of the entire case ("action") is permitted, as opposed to removal of only a particular claim or claims, as is the case in other removal statutes.

In *Nolan, supra,* the Fifth Circuit examined original subject matter jurisdiction and the right of removal under the Foreign Sovereign Immunities Act ("FSIA").  The *Nolan* court held that because the FSIA established original subject matter jurisdiction over the "action" (like §203), and not just over "claims", the statute conferred federal subject matter jurisdiction over the entire case:

> . . . the FSIA grants jurisdiction to federal courts over 'action(s)' and not just over 'claims.'  This language is broad enough to extend federal court subject matter jurisdiction over the entire action in which the foreign state is a party, rather than simply over the 'claims' in that action which are specifically asserted against the foreign state.

*Nolan*, *supra,* 919 F.2d at 1064.

Similarly, §203 of the Convention Act extends original subject matter jurisdiction over the entire "action or proceeding," and not just over the claims against the foreign insurer signatories

to the Convention.  Therefore, removal under §205 applies to the *entire action*, including Plaintiff's claims against both the domestic and foreign insurers on the Account Policy.

In a case involving the removal of claims against insurers under the Convention Act, the United States District Court for the Western District of Louisiana held that under 9 U.S.C. §203, the Court retained original jurisdiction over the "entire action" once removed, and "lack(ed) discretion to refuse such original jurisdiction, once properly invoked." *Ieyoub ex rel. State v. Am Tobacco Co.,* 97-1174 (W.D. La. 1997); 1997 U.S. Dist. LEXIS 24219, 53-54.

## XI.

## PLAINTIFF HAS ALLEGED ALL THE DEFENDANTS ENGAGED IN INTERDEPENDENT AND CONCERTED MISCONDUCT

The Insurers have acted interdependently, and in concert, in the adjustment and evaluation of the Plaintiff's claims.  All Insurers acted collectively through Sedgwick Delegated Authority ("SDA"), their Claims Administrator which administered the claim under a single claim number (#4186824) common to all Insurers (Exhibit "E": September 3, 2021 correspondence).  Any adjustment or lack thereof, as well as any payment or lack thereof, and all alleged wrongful acts (which are denied) were made on behalf of all foreign and domestic insurers on the Account Policy, in concert.

At all times, Plaintiff has pursued the full value of its claims, without differentiation between the Insurers.  Plaintiff's Petition alleges that the Insurers acted collectively in the adjustment of payment of Plaintiff's claim, including in the following particulars: (1) all Insurers, without differentiation, collectively insured the subject property, for the same term (*Petition* at ¶ 5); (2) Plaintiff complied with all conditions for coverage by each Insurer, without differentiation (*Id.* at ¶ 6), which conditions are set forth in the common Policy document (Exhibit "C"); (3) all

Insurers insured the subject property against damage caused by windstorm (*Id.* at ¶ 7); (4) all insurers, without differentiation, were provided with proof of loss ((*Id.* at ¶ 10); (5) all Insurers, without differentiation, failed to fully and timely pay Plaintiff's loss despite receiving satisfactory proof of loss (*Id.* at ¶¶ 11,14); (6) all Insurers, without differentiation, have continued to delay full payment of the Plaintiff's claim (*Id.* at ¶ 12); (7) Plaintiff has been damaged by the collective failure of the Insurers, without differentiation, to properly adjust Plaintiff's claim (*Id.* at ¶ 13); (8) all Insurers, without differentiation, failed to timely tender the undisputed amounts owed Plaintiff (*Id.* at ¶ 14); (9) all insurers, without differentiation, are liable to Plaintiff for general and special damages (*Id.* at ¶ 15); and (10) Plaintiff prays for a judgment against all insurers, without differentiation, and an award of damages against them all (Prayer for Relief.)  Plaintiff has invoked arbitration as to all Insurers under the same Arbitration Clause (Exhibit "B") found in the Common Policy document (Exhibit "C").

## XII.

## CONSENT TO REMOVAL

Attached *in globo* as Exhibit "F" are the consents of the remaining Insurers on Account Policy 850539: Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company.

**XIII.**

**NOTICE TO ALL PARTIES
AND STATE COURT**

Removing Defendants will promptly give notice to all parties in writing and shall file a

Notice of this Removal with the Clerk of the State Court Action.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

 _/s/     Phillip J. Rew_____
**BRUCE R. HOEFER, JR. (#6889)**
**Email:  brh@ahhelaw.com**
**D. RUSSELL HOLWADEL (#16975) T.A.**
**Email:  drh@ahhelaw.com**
**PHILLIP J. REW (#25843)**
**Email:  pjr@ahhelaw.com**
**HEATHER E. REZNIK (#29175)**
**Email:  her@ahhelaw.com**
**KYLE M. TRUXILLO (#38920)**
**Email:  kmt@ahhelaw.com**
400 Poydras Street, Suite 2450
New Orleans, Louisiana  70130
Telephone:     (504) 581-2606
Facsimile:     (504) 525-1488
*Attorneys for Removing Defendants, Certain*
*Underwriters at Lloyd's, London, severally*
*subscribing to Certificate No. AMR-53446-06 and*
*HDI Global Specialty SE, under Account Policy:*
*850539*

13

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding via facsimile, e-mail and/or by depositing in the United States mail, properly addressed and first-class postage prepaid on this 14th day of December 2023.

**_____/s/ Phillip J. Rew_____**